IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 10-82 |
| | ) | |
| CHANCE WILLIAM GIRARD | ) | |

MEMORANDUM AND ORDER OF COURT

Presently before the court is a motion for early termination of supervised release (Document No. 39) filed by Chance William Girard ("defendant"), the government's response in opposition thereto (Document No. 40), and defendant's reply (Document No. 42). For the following reasons, defendant's motion will be denied.

On November 16, 2010, defendant pled guilty to a one-count Indictment charging him with possession with intent to distribute oxycodone. On that same date, defendant was sentenced to a term of imprisonment of 36 months, to be followed be a term of supervised release of 3 years. On November 23, 2012, defendant was released from incarceration and commenced his term of supervised release. Although he has not yet served even half of the imposed term of supervision, defendant now seeks early termination of his supervised release.

Pursuant to 18 U.S.C. §3583(e)(1), the court may, after considering the factors set forth in §3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if the court is satisfied that termination is warranted by the conduct of the defendant and the interest of justice.

Upon consideration of the factors set forth in §3553(a), the court finds that early termination of supervised release is not warranted in this case. In imposing defendant's particular sentence, the court considered the §3553(a) factors and arrived at a sentence which was sufficient, but not greater than necessary to comply with the purposes of sentencing. The three-year term of supervised release imposed plays an integral part in achieving those purposes and, in the court's view, early termination of supervised release would result in a sentence that would not be sufficient to comply with the sentencing factors set forth in §3553(a) and would not serve the interest of justice, particularly since defendant has only served 16 months of his 36-month term.

In his motion, defendant advances two bases for early termination of supervision: that he has been compliant with the terms of supervised release to date and that he has a job opportunity in Sacramento, California. These reasons do not change the court's determination that the full 3-year period of supervised release is appropriate.

First, although defendant thus far has been compliant with the conditions of supervision imposed, mere compliance is not enough for the court to find that early termination of supervised release is warranted by defendant's conduct and in the interest of justice as required by 18 U.S.C. §3583(e)(1). The Third Circuit Court of Appeals has instructed that "early termination of supervised release . . . should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." United States v. Laine, 404 Fed. Appx. 571, 573-74 (3d Cir. 2010). As explained in Laine, "[s]imple compliance with the conditions of supervised release [is] expected and not exceptional . . . ." Id. at 574. Here, defendant's compliance with the terms of supervised release is neither exceptional nor extraordinary because that is what is required and expected of all defendants.

2

AO 72
(Rev. 8/82)

Nor does the court view defendant's job opportunity in California as an extraordinary circumstance justifying early termination of supervised release. As the government aptly notes, defendant is free to request that his supervision be transferred to the appropriate Probation Office in the Eastern District of California for the remainder of his supervised release term, and there does not appear to be any impediment to such a transfer so long as defendant can verify a bona fide employment offer and a place to reside.

In sum, after considering the factors required by 18 U.S.C. §3553(a), the court does not believe that early termination of supervised release is warranted by defendant's conduct or the interest of justice. Rather, continued supervision is appropriate in accordance with the 3-year term of supervised release originally imposed.

An appropriate order follows.

## ORDER OF COURT

AND NOW, this ___19th___ day of March, 2014, upon due consideration of defendant's motion for early termination of supervised release (Document No. 39), the government's response in opposition thereto (Document No. 40) and defendant's reply (Document No. 42), and the court, after having considered the factors set forth in 18 U.S.C. §3553(a), being satisfied that termination of supervised release at this time is not warranted either by the conduct of defendant or the interest of justice, IT IS ORDERED that defendant's motion be, and the same hereby is, **denied.**

*Gustave Diamond*
Gustave Diamond
United States District Judge

3

cc: Barbara K. Doolittle
Assistant U.S. Attorney

Gary B. Zimmerman, Esq.
P. O. Box 9248
Pittsburgh, PA 15224

Eric Lawson
United States Probation Officer